*T. L. Burnett, for appellee.*

---

GEORGE LEE, ET AL., *v.* W. E. RUSSELL, ET AL.

**Assignment—Duty of Trustee.**

> It is not the duty of a trustee to hear and determine the rights of a creditor of a trust estate, and the court has no authority to determine such a cause when the creditor of the estate is not a party to the claim asserted against him by one of his creditors.

APPEAL FROM ADAIR CIRCUIT COURT.

January 6, 1877.

OPINION BY JUDGE PRYOR:

The property of the debtor was held by the assignee in trust for the benefit of creditors. Griffin was a creditor for whose benefit the assignment was made, and that instrument not only recognized him as a creditor, but the amount for which the debtor was liable to him is stated. The assignee had a reasonable time in which to settle up the trust, and the creditor had no means of enforcing this settlement unless he alleged some laches on the part of the assignee or other reason for demanding a settlement.

This petition was filed by the assignee with a view of disposing of the trust fund in accordance with the direction of the chancellor. Griffin was one of the beneficiaries, and the assignee had no right to interpose the statute of limitation, as he was, in effect, holding

this money for Griffin by the terms of the assignment. This is a controversy between assignee and creditors. There was no necessity for an affidavit to the claim, as it was not an assignment under the act of 1856; nor do we decide that an affidavit is required even in that class of cases. An affidavit, however, was made by the creditors of Griffin, who were seeking to attach this fund, and their petition should not have been disregarded. Griffin was not before the court either by service of process or by warning order, and although he cannot prosecute a cross-appeal for the reason that he is not an appellee, still it is proper to suggest that he should have a hearing in court before his claim is pronounced upon or directed to be paid over to his creditors.

If there was a mistake in the allowance to Caldwell, Sr., this mistake should have been corrected, and the pleadings and proof indicate that state of case; nor do we see why the attorney's fee to Russell for services performed for the debtor prior to his assignment should be regarded as a preferred claim. No lien appears in the record. For these reasons the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Baker & Hindman, for appellants.*

*T. T. Alexander & James Caldwell, for appellees.*